UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KAYLA GILES COUTEE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-1465** |
| **USAA GENERAL INDEMNITY COMPANY** | **SECTION: "G"** |

## ORDER

In this litigation, Plaintiff Kayla Giles Coutee ("Plaintiff") alleges that Defendant USAA General Indemnity Company ("Defendant") failed to fulfill its obligations to Plaintiff under Plaintiff's property insurance policy purchased from Defendant.[1] On September 29, 2020, Defendant filed a motion to dismiss for improper venue.[2] Pursuant to Local Rule 7.5, an opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has not filed an opposition to Defendant's motion, which was set for submission on October 21, 2020. Therefore, Defendant's motion is deemed to be unopposed. District courts may grant an unopposed motion as long as the motion has merit.[3] Having reviewed the motion, the memorandum in support, the record, and the applicable law, the Court denies the motion to the extent it seeks dismissal of the case; however, it agrees venue is improper and so transfers the above-captioned matter to the United States District Court for the Western District of Louisiana, Alexandria Division.

---

[1] *See* Rec. Doc. 1.

[2] Rec. Doc. 12.

[3] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

1

## I. Background

Plaintiff filed a *pro se* complaint in the Eastern District of Louisiana on May 7, 2020, asserting federal diversity jurisdiction pursuant to 28 U.S.C. 1332.[4] In the complaint, Plaintiff alleges that she owned a residence in Pineville, Louisiana.[5] Plaintiff states that she purchased a "Homeowners Insurance Policy from [Defendant] to insure her property against damage."[6] Plaintiff alleges that following a fire on or about February 7, 2020, Plaintiff reported the resulting damage and filed a claim with Defendant.[7] Plaintiff asserts that Defendant "failed to pay for [Plaintiff's] loss within the time delays set out under the Louisiana Insurance Statutes."[8] Plaintiff seeks monetary damages and "bad faith penalties."[9]

On May 22, 2020, the Court ordered Plaintiff to amend the complaint to expressly state Defendant's state of incorporation for purposes of determining if this Court has subject matter jurisdiction over this action.[10] Plaintiff filed an amended complaint on May 28, 2020, stating that Defendant is incorporated in Texas with its principal place of business in Texas, and that Defendant is "authorized to do, and doing, business in the Parish of Rapides, State of Louisiana."[11]

---

[4] Rec. Doc. 1.

[5] *Id.* at 1.

[6] *Id.* at 1.

[7] *Id.* at 2.

[8] *Id.* at 2.

[9] *Id.*

[10] Rec. Doc. 6.

[11] Rec. Doc. 8.

On August 6, 2020, the Court noticed that the record did not reflect service upon Defendant and ordered Plaintiff to show cause why Defendant should not be dismissed for Plaintiff's failure to prosecute.[12] On August 27, 2020, Plaintiff responded to the Court's show cause order.[13]

On September 29, 2020, Defendant filed the instant "Motion to Dismiss due to Improper Venue."[14] The motion was noticed for submission on October 21, 2020.[15] Plaintiff has not filed an opposition to the motion.

## II. Parties' Arguments

In support of the motion to dismiss, Defendant argues that venue is proper in the Western District of Louisiana, not the Eastern District of Louisiana, under 28 U.S.C. § 1391.[16] First, Defendant contends that venue is improper in the Eastern District under 28 U.S.C. § 1391(b)(1) because Defendant—a corporation—is not a "resident" of the Eastern District for purposes of venue.[17] Specifically, Defendant asserts that it is not subject to this Court's specific or general personal jurisdiction.[18]

Second, Defendant argues that venue is improper in the Eastern District under 28 U.S.C. § 1391(b)(2) because "all, or a substantial part of all, of the acts and omissions pled in [Plaintiff's]

---

[12] Rec. Doc. 10.

[13] Rec. Doc. 11.

[14] Rec. Doc. 12.

[15] *Id.*

[16] Rec. Doc. 12-1 at 3–6.

[17] *Id.* at 3.

[18] *Id.* at 3–4.

complaint occurred in Rapides Parish, Louisiana," which lies in the Western District.[19] In addition, Defendant avers that venue is improper in the Eastern District under 28 U.S.C. § 1391(b)(3) because venue is proper in the Western District under both §§ 1391(b)(1) and 1391(b)(2).[20]

Plaintiff did not file an opposition to the instant motion.

### III. Law and Analysis

A motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) requires a district court to determine whether venue is supported by the federal venue statute, 28 U.S.C. § 1391.[21] If venue is not supported by 28 U.S.C. § 1391, then pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[22] Once a defendant has raised the improper venue issue by motion, the plaintiff bears the burden to establish that the district he or she chose is the proper venue.[23] When ruling on a Rule 12(b)(3) motion for improper venue, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."[24] Rule 12(b)(3) permits the Court to look at all evidence in the record beyond simply those facts alleged

---

[19] *Id.* at 5.

[20] *Id.* at 6.

[21] *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S.Ct. 568, 577 (2013). Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided by 28 U.S.C. § 1391, a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced.

[22] 28 U.S.C. § 1406(a).

[23] *Perez v. Pan American Life Ins. Co.*, 70 F.3d 1268, 1995 WL 696803, at *2 (5th Cir. 1995).

[24] *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 448–49 (5th Cir. 2008).

in the complaint and its proper attachments.[25] A district court's dismissal for improper venue is reviewed for abuse of discretion.[26]

### A.     *Whether Venue is Proper in the Eastern District of Louisiana*

Defendant contends that venue is improper in the Eastern District of Louisiana.[27] Because subject-matter jurisdiction in this case is based on diversity of citizenship,[28] venue is proper in: (1) a judicial district in which any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.[29]

The Court finds that venue is not proper in this district. First, Plaintiff does not allege that Defendant resides in, or is located in, the Eastern District. Rather, in the amended complaint, Plaintiff identifies Defendant as a Texas citizen "authorized to do, and doing, business in the Parish of Rapides, State of Louisiana."[30] Rapides Parish lies in the Western District of Louisiana, Alexandria Division.[31] Additionally, Defendant asserts in the instant motion to dismiss that it does

---

[25] *Lighthouse MGA, LLC v. First Premium Ins. Grp., Inc.*, 448 Fed.Appx. 512, 514 (5th Cir. 2011).

[26] *See McClintock v. School Bd. of East Feliciana Parish*, 299 Fed.Appx. 363, 365 (5th Cir. 2008).

[27] Rec. Doc. 12-1.

[28] Rec. Doc. 1.

[29] 28 U.S.C. § 1391(b).

[30] Rec. Doc. 8 at 1.

[31] United States District Court Western District of Louisiana, *Alexandria*, https://www.lawd.uscourts.gov/content/alexandria (last visited Oct. 28, 2020).

not reside in the Eastern District.[32]

Second, Plaintiff does not allege that any of the events or omissions giving rise to the instant claim occurred in the Eastern District. Rather, Plaintiff avers that the property for which she allegedly purchased insurance from Defendant, which is the subject premises of this action, is located in Pineville, Louisiana, which is also in Rapides Parish in the Western District of Louisiana.[33]

Third, because the Court finds that this action may otherwise be brought in the Western District of Louisiana, the Court need not determine whether Defendant was subject to this Court's personal jurisdiction at the time the action was commenced. For these reasons, the Court concludes that venue is improper in the Eastern District of Louisiana.

## B.     *Whether the Action Should be Dismissed or Transferred Pursuant to 28 U.S.C. § 1406(a)*

Pursuant to 28 U.S.C. § 1406(a), when a plaintiff selects an improper venue, a court may either dismiss the action or "if it be in the interest of justice," a court may "transfer such a case to any district or division in which it could have been brought."[34] Considering Plaintiff's *pro se* status, the Court find that the interests of justice are served by transferring this case to the Western District of Louisiana, Alexandria Division. Plaintiff does not contest that venue is proper in the Western District of Louisiana, where the events underlying the claim at issue allegedly transpired.[35] Additionally, Defendant agrees that "venue is proper under both §§ 1391(b)(1) or

---

[32] Rec. Doc. 12-1 at 3–5.

[33] Rec. Doc. 8 at 1.

[34] 28 U.S.C. § 1406(a). *See Jackson v. West Telemarketing Corp. Outbound*, 245 F.3d 518, 523 (5th Cir. 2001).

[35] *See* Rec. Doc. 8.

(b)(2) in the Western District of Louisiana."[36] Therefore, the Court finds that in the interests of justice, this action should be transferred to the Western District of Louisiana, Alexandria Division.

## IV. CONCLUSION

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant USAA General Indemnity Company's instant "Motion to Dismiss due to Improper Venue"[37] is **DENIED** to the extent it seeks dismissal of Plaintiff's claims.

**IT IS FURTHER ORDERED** that the above-captioned matter is hereby **TRANSFERRED** to the United States District Court for the Western District of Louisiana, Alexandria Division.

**NEW ORLEANS, LOUISIANA**, this ___29th___ day of October, 2020.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[36] Rec. Doc. 12-1 at 6.

[37] Rec. Doc. 12.